UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

```
_____
                                 )
ANN MARIE MAGUIRE, in her capacity )
as co-administratrix of the      )
Estate of Joseph Maguire II,     )
                                 )
          Plaintiff,             )
                                 )
     v.                          )    C.A. No. 16-499 S
                                 )
FMR LLC, also known as           )
FIDELITY INVESTMENTS,            )
                                 )
          Defendant.             )
_____)
```

### MEMORANDUM AND ORDER

WILLIAM E. SMITH, Chief Judge.

Before the Court is Joseph Maguire's Motion to Intervene as a plaintiff (ECF No. 6) in litigation that Ann Marie Maguire, as co-administratrix of the estate of Joseph Maguire II ("Co-administratrix), initiated against Defendant FMR LLC. The Complaint alleges that Joseph Maguire ("the decedent") was an employee of Defendant, participated in Defendant's profit sharing plan, and had more than $75,000 on deposit in the profit sharing plan at the time of his death. (Compl. ¶¶ 5, 6, ECF No. 1.) Co-administratrix has been advised by Defendant that its records do not reflect a designation of beneficiary for the decedent's funds in the profit sharing plan, and she alleges that Defendant has not provided copies of all the documents

pertaining to the decedent's account in the profit sharing plan that she has requested. (Id. at ¶¶ 7, 8.)  Co-administratrix seeks injunctive relief directing Defendant to provide her with all of the documents relevant to the account that may reflect a designation of beneficiary. (Id.)

Joseph Maguire ("Maguire") moves to intervene as a matter of right pursuant to Rule 24(a) of the Federal Rules of Civil Procedure, which provides that:

> On timely motion, the court must permit anyone to intervene who . . . (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Maguire claims that he is a one-half beneficiary of decedent's estate that is currently pending in the Woonsocket Probate Court. (Mem. in Supp. of Mot. to Intervene ("Mem.") 1, ECF No. 6-1.)  Rather than initiate separate litigation, Maguire seeks to join this litigation in his capacity as beneficiary of decedent's estate and/or as a direct beneficiary of the retirement plan.  The Motion to Intervene is unopposed.

> Successful intervention by right under [Rule 24(a)(2) requires [an] intervenor[] to demonstrate that (1) [his] motion is timely; (2) [he] ha[s] an interest related to the property or transaction that forms the foundation of the ongoing action; (3) the disposition of the action threatens to impair or impede [his] ability to protect [his] interest; and (4) no existing party adequately represents [his] interest.

<u>Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.</u>, 807 F.3d 472, 474 (1st Cir. 2015) (citing <u>Ungar v. Arafat</u>, 634 F.3d 46, 50 (1st Cir. 2011)). "Failure to satisfy any one of the four requirements defeats intervention by right." <u>Id.</u> (citing <u>Ungar</u>, 634 F.3d at 51).

Maguire's Motion is undoubtedly timely. Co-administratrix filed her complaint on September 6, 2016, and Maguire filed his Motion on September 16, 2016. Maguire has clearly asserted an interest related to the property at issue in this litigation: as a beneficiary of the estate and/or as a direct beneficiary of the approximately $527,000 in the decedent's account with Defendant's profit sharing plan. (Mem. 1, 2.) Maguire clearly has "something at stake in the underlying action" and possesses a tie to Defendant's assets. <u>Ungar</u>, 634 F.3d at 52.

With respect to the third and fourth requirement for intervention as a matter of right, Maguire argues that the disposition of this litigation could impair his ability to protect this interest because, as a beneficiary to the estate and potential beneficiary of the profit sharing plan, any decision by this Court will have a material effect on his rights, and could adversely affect his share of the estate and/or plan. (Mem. 2-3.) Maguire also contends that his interest and that of Co-administratrix are in conflict because

3

he has petitioned for her removal as co-administratrix in Woonsocket Probate Court as well as objected to an accounting that she filed in that court. (Mem. 3.)  Maguire contends that she will therefore not adequately represent his interest in the pending litigation in this Court.  Given the absence of an objection to Maguire's Motion from either Co-Administratrix or Defendant, and the First Circuit's acknowledgement that "[t]he inherent imprecision of Rule 24(a)(2)'s individual elements dictates that they be read not discretely, but together, and always in keeping with a commonsense view of the overall litigation," Pub. Serv. Co. of New Hampshire v. Patch, 136 F.3d 197, 204 (1st Cir. 1998) (internal citations omitted), this Court finds that Maguire has met all of the required elements for intervention as a matter of right.

    Maguire's Motion to Intervene is therefore GRANTED.

IT IS SO ORDERED.

/s/ W.E. Smith
---
William E. Smith
Chief Judge
Date: November 29, 2016